IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    19-CR-106-JLS

JEFFREY RICHARDS,

Defendant.



## PLEA AGREEMENT

The defendant, JEFFREY RICHARDS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a two-count Superseding Information, which charges:

a.    in Count 1, a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute acetyl fentanyl) for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $10,000,000, a mandatory $100 special assessment, and a term of supervised release of 5 years and up to life; and,

b.    in Count 2, a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime) for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of

imprisonment of life, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years.

    c.    The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

    2.    The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

    3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 10 years, without credit for time previously served on supervised release.

## II.    ELEMENTS AND FACTUAL BASIS

    4.    The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

With regard to Count 1 of the Superseding Information:

    a.    that the defendant possessed a controlled substance, namely a mixture and substance containing acetyl fentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

    b.    that the defendant knew that he possessed the controlled substance;

    c.    that the defendant intended to distribute the controlled substance; and,

d.     that the offense involved at least 100 grams or more of a mixture and substance containing acetyl fentanyl and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl).

With regard to Count 2 of the Superseding Information:

a.     that the defendant committed a drug trafficking crime for which he could be prosecuted in a court of the United States; and,

b.     that the defendant knowingly possessed a firearm in furtherance of this drug trafficking crime.


## FACTUAL BASIS

5.     The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

a.     In October of 2018, law enforcement began to investigate the possession and distribution of controlled substances in the Western District of New York by the defendant, JEFFREY RICHARDS, and an associate.

b.     In November of 2018, law enforcement conducted a controlled purchase of suspected fentanyl from the defendant's associate, who obtained the fentanyl from the defendant's residence at 4 Packard Court, Apartment D, Niagara Falls, New York. The substance was later tested by the Niagara County Sheriff's Office Forensic Laboratory, which determined the substance contained approximately 2.80 grams of a mixture and substance containing acetyl fentanyl and fentanyl.

c.     On December 14, 2018, the Federal Bureau of Investigation ("FBI") executed a search warrant at the defendant's residence at 4 Packard Court, Apartment D, Niagara Falls, New York. Inside the defendant's bedroom, the FBI found 100 grams or more of a mixture and substance containing acetyl fentanyl, a Schedule I controlled substance, and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), which amount was later determined by the Niagara County Sheriff's Office Forensic Laboratory to be approximately 105.71 grams. The defendant knowingly, willfully, and unlawfully possessed with intent to distribute this substance and mixture containing acetyl fentanyl, which is analogue of fentanyl.

d.     During execution of the search warrant at the defendant's residence, the FBI also recovered the following items from the defendant's bedroom:

i.      Approximately 4.95 grams of cocaine, as
        subsequently determined by the Niagara County
        Sheriff's Office Forensic Laboratory;

ii.     Approximately 87.47 grams of marijuana, as
        subsequently determined by the Niagara County
        Sheriff's Office Forensic Laboratory;

iii.    Approximately 34 tablets of alprazolam;

iv.     Various drug packaging and processing materials,
        including scales, baggies, and razor blades;

v.      Approximately $449 in United States currency;

vi.     One Remington 12 gauge shotgun, bearing serial
        number S748214V, with a green strap and Tasco
        scope bearing serial number 8855SGMC;

vii.    One Harrington and Richardson Inc., 349 caliber
        12 gauge shotgun, bearing serial number
        51733507;

viii.   One 185 K-A Caliber 20 gauge shotgun, bearing
        an unidentifiable serial number;

ix.     One Mossberg 500A 12 gauge shotgun, bearing
        serial number T234545;

x.      One Taurus Rossi S12-308, 12 gauge shotgun,
        bearing serial number SR391527, with a black
        strap, a white strap, and an attached Bushnell
        scope bearing serial number 76-8945;

xi.     One Winchester 62, .22 caliber long rifle, bearing
        serial number 192810, with scope;

xii.    One Remington 522 Viper, .22 caliber, long rifle,
        bearing serial number 3023182, with attached
        Tasco Pronghorn Scope bearing with serial
        number 9309;

xiii.   Approximately seventy rounds of .45 ammunition
        and two magazines;

xiv.    Approximately six rounds of 12 gauge shotgun shells (one of which is slug);

xv.    One Bandolier containing approximately nine shells, specifically, three 3-inch 410 rounds and six 2.5 inch 410 rounds of ammunition;

xvi.    Approximately two .22 caliber magazines with ten rounds ammunition in each;

xvii.    Approximately two hundred eighty-six .22 Long Rifle rounds of ammunition;

xviii.    Approximately two 20 gauge rounds of ammunition;

xix.    Approximately eighteen 7.62 X 39 rounds of ammunition;

xx.    Approximately nine rounds of .222 REM MAG ammunition;

xxi.    Approximately twenty-four .22 short rounds of ammunition;

xxii.    Approximately twenty .243 Winchester rounds of ammunition;

xxiii.    Approximately sixteen .308 WIN rounds of ammunition;

xxiv.    Approximately sixty-four rounds of 12 gauge ammunition;

xxv.    Approximately fifty-five rounds of 20 gauge ammunition;

xxvi.    Approximately twenty-five 16 gauge rounds of ammunition;

xxvii.    Approximately three 30/30 rounds of ammunition;

xxviii.    Approximately three rounds of .22 caliber ammunition;

xxix.    Approximately twenty-seven 16 gauge rounds of ammunition;

xxx.    One .32 round of ammunition;

xxxi.    One 9mm round of ammunition;

xxxii.    Approximately seven hundred CCL Primers; and,

xxxiii.    Approximately eighty-seven CB CAPS.

e.    The FBI also recovered a destructive device during execution of the search warrant at defendant's residence. The destructive device consisted of a container, in the form of a reconfigured metal beverage-style can, and a fusing system, that is, a green hobby fuse designed to provide a time-delayed initiation. Inside the destructive device, law enforcement recovered explosive black powder and approximately 150 pieces of shrapnel. If discharged, the construction of the material inside the destructive device would cause the shrapnel material to be expelled and propelled in all directions. The defendant admits that he unlawfully manufactured and possessed the destructive device, which was not registered with the National Firearms Registration and Transfer Record.

f.    Following the execution of the search warrant at the defendant's residence on December 14, 2018, approximately twenty law enforcement officers, all of whom participated in the execution of the search warrant, became ill with symptoms to include respiratory issues. The defendant admits that the defendant's possession of the acetyl fentanyl and fentanyl endangered the lives of the law enforcements officers while at the defendant's residence.

g.    The defendant was arrested by law enforcement on December 14, 2018. At that time, the defendant possessed a stolen firearm, namely, an AMT, model ACP Backup, .45 caliber semi-automatic pistol, bearing serial number DA3660. The defendant admits that he possessed that firearm in furtherance of his drug trafficking activities.

h.    Following the execution of the search warrant and arrest of the defendant, the defendant made post-Miranda statements in which he admitted possessing the narcotics with intent to distribute them and possessing the firearm and the destructive device.

i.    Based upon the Drug Equivalency Tables in the United States Sentencing Guidelines, the combined acetyl fentanyl, cocaine, and marijuana is the equivalent of at least 1,086 kilograms but less than 3,000 kilograms of Converted Drug Weight. The defendant admits that

6

this is the amount involved in his relevant conduct as encompassed in the Superseding Information, and that this amount could be readily proven against him by the government.

## III.    SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.    Regarding Count 1, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(5) apply to the offense of conviction and provide for a base offense level of **30**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.    The government and the defendant agree that the following specific offense characteristic does apply to Count 1:

  a.    the two-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance)

### ADJUSTED TOTAL OFFENSE LEVEL

9.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 1 is **32**.

## ACCEPTANCE OF RESPONSIBILITY

10.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level for Count 1 of **29**.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.    Regarding Count 1, it is the understanding of the government and the defendant that, with a total offense level of **29** and criminal history category of **I**, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **120 months**, a fine of **$30,000** to **$10,000,000**, and a period of supervised release of **5 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 2 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

14.     Based on the above, it is the understanding of the government and the defendant that the aggregate sentencing range for the defendant is a term of imprisonment of **180** months (60 months on Count 2 to run consecutive to 120 months on Count 1), a fine of **$30,000** to **$10,000,000**, and a term of supervised release of **5** years. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement for both counts of conviction.

15.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government specifically reserves the right to argue for an upward departure/adjustment pursuant to Sentencing Guidelines § 5K2.14 (Public Welfare Policy Statement), and a non-Guidelines sentence outside the otherwise applicable Guidelines range on the ground that the defendant's possession of a destructive device, as described in Paragraph 5(e) above, endangered public health and safety. The defendant reserves the right to oppose the government's request for an upward departure/adjustment, and to recommend a sentence outside the applicable Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to

bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

16.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

17.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

18.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.    REMOVAL

19.    The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

20.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21.    At sentencing, the government will move to dismiss the Indictment in this action.

11

22.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.


### VII.    APPEAL RIGHTS

23.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.


24.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.


25.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. However, in the

event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

26.     Pursuant to Rule 11(a)(2) and subject to the approval of the Court, the defendant reserves the right to appeal the denial of the defendant's motion for suppression of the firearm recovered by law enforcement on December 14, 2018, pursuant to the report and recommendation of the Honorable Michael J. Roemer, United States Magistrate Judge, entered on January 12, 2021, and the decision and order of the District Court entered on February 22, 2021. Should the defendant prevail on appeal, the defendant shall be allowed to withdraw the guilty plea to Count 2.

## VIII.  FORFEITURE PROVISIONS

### Firearms and Ammunition

27.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to the immediate entry of a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property:

a.      One Remington 12 gauge shotgun, bearing serial number S748214V, with a green strap and Tasco scope bearing serial number 8855SGMC;

b.      One Harrington and Richardson Inc., 349 caliber 12 gauge shotgun, bearing serial number 51733507;

c.      One 185 K-A Caliber 20 gauge shotgun, bearing an unidentifiable serial number;

d.    One Mossberg 500A 12 gauge shotgun, bearing serial number T234545;

e.    One Taurus Rossi S12-308, 12 gauge shotgun, bearing serial number SR391527, with a black strap, a white strap, and an attached Bushnell scope bearing serial number 76-8945;

f.    One Winchester 62, .22 caliber long rifle, bearing serial number 192810, with scope;

g.    One Remington 522 Viper, .22 caliber, long rifle, bearing serial number 3023182, with attached Tasco Pronghorn Scope bearing serial number 9309;

h.    Approximately seventy rounds of .45 ammunition and two magazines;

i.    Approximately six rounds of 12 gauge shotgun shells (one of which is slug);

j.    One Bandolier containing approximately nine shells, specifically, three 3-inch 410 rounds and six 2.5 inch 410 rounds of ammunition;

k.    Approximately two .22 caliber magazines with ten rounds ammunition in each;

l.    Approximately two hundred eighty-six .22 Long Rifle rounds of ammunition;

m.    Approximately two 20 gauge rounds of ammunition;

n.    Approximately eighteen 7.62 X 39 rounds of ammunition;

o.    Approximately nine rounds of .222 REM MAG ammunition;

p.    Approximately twenty-four .22 short rounds of ammunition;

q.    Approximately twenty .243 Winchester rounds of ammunition;

r.    Approximately sixteen .308 WIN rounds of ammunition;

s.    Approximately sixty-four rounds of 12 gauge ammunition;

t.    Approximately fifty-five rounds of 20 gauge ammunition;

u.    Approximately twenty-five 16 gauge rounds of ammunition;

v.    Approximately three 30/30 rounds of ammunition;

w.    Approximately three rounds of .22 caliber ammunition;

x.    Approximately twenty-seven 16 gauge rounds of ammunition;

y.    One .32 round of ammunition;

z.    One 9mm round of ammunition;

aa.    Approximately seven hundred CCL Primers; and,

bb.    Approximately eighty-seven CB CAPS.


## Destructive Device

28.    As an additional condition of the plea, the defendant, agrees to the immediate criminal forfeiture of the following property pursuant to Title 26, United States Code, Section 5872(a):

a.    one suspected improvised explosive device, and the components thereof, including, but not limited to, nails, nuts, bearings and fireworks or other incendiary devices.


## Currency

29.    As an additional condition of the plea, the defendant, agrees to the immediate criminal forfeiture of the following property pursuant to Title 21, United States Code Sections 853(a)(1) and 853(a)(2):

a.    The sum of approximately $449 in U.S. currency, seized from Jeffrey Richards by law enforcement on or about December 14, 2018.

30.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.    The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.    The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

31.    The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets.    The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether

constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.  The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

32.    This plea agreement represents the total agreement between the defendant, JEFFREY RICHARDS, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


TRINI E. ROSS
United States Attorney
Western District of New York

BY:    _____
BRENDAN T. CULLINANE
Assistant United States Attorney

Dated:  March 18, 2022

I have read this agreement, which consists of pages 1 through 18. I have had a full opportunity to discuss this agreement with my attorney, Michael J. Stachowski, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

JEFFREY RICHARDS
Defendant

Dated: March 8, 2022

MICHAEL J. STACHOWSKI, ESQ.
Attorney for the Defendant

Dated: March 8, 2022

18