IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA

        v.                                   19-CR-106-JLS

JEFFREY RICHARDS,

          Defendant.

———————————————————————

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Timothy C. Lynch, Assistant United States Attorney, of counsel, hereby files its Response to Defendant's Sentencing Memorandum.

On September 1, 2022, the defense filed a sentencing memorandum in support of its request for 180-month sentence. As set forth in the Government's April 22, 2022 Motion for an Upward Departure Pursuant to Guidelines § 5K2.14 , the Court should a sentence above the applicable Sentencing Guideline range of 180 months, pursuant to U.S. Sentencing Guidelines § 5K2.14 (Public Welfare Policy Statement) and Title 18, United States Code, Section 3553(a), based on the defendant's possession of a destructive device on December 14, 2018. The Court should impose a sentence above the applicable range because the circumstances of this case require a sentence that reflects the seriousness of the offense,

provides for just punishment for the defendant, and deters others from the type of unacceptably negligent conduct to which the defendant has entered a plea of guilty.

The defendant's background and characteristics, when weighed against the seriousness of the offense, including the danger posed by the defendant's possession of a destructive device, do not support a sentence of 180 months. Rather, as indicated in the Government's April 1, 2022 motion, a sentence greater than 180 months is appropriate to capture the egregiousness of the defendant's conduct. The defendant attempts to minimize the seriousness of the device he possessed by submitting a letter from Jim Ludwiczak, President of Blasting and Mining Consultants; however, as part of his plea, the defendant admitted that he possessed a "destructive device" that "[i]f discharged, the construction of the materials inside the destructive device would cause the shrapnel material to be expelled and propelled in all directions." *See* Plea Agreement at ¶ 5e. As such, this letter merits little weight.

The defendant also submits numerous letters in support his request for "leniency," including the defendant's own request for a sentence "under the mandatory minimum and guide lines [sic], so I can help raise my son." *See* Filing 147, Exhibit A. As the Court is aware, the Court is bound by the statutory minimum sentences that must be imposed in this case, and therefore, the Court can sentence the defendant to no less than 180 months' imprisonment. *See United States v. Tejada*, 631 F.3d 614, 620 (2d Cir. 2011) ("The district court was statutorily obliged to impose a sentence of 60 months' imprisonment pursuant to § 924(c)(1)(A)(i) consecutive to the mandatory minimum sentence of 120 months' imprisonment for drug trafficking.").

The government respectfully requests that the Court reject the defendant's pleas for leniency and impose a sentence greater than 180 months' imprisonment, in order to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct, as detailed in the Government's April 1, 2022 Motion.

DATED:   Buffalo, New York, September 12, 2022.


                                    TRINI E. ROSS
                                    United States Attorney


                          BY:    s/TIMOTHY C. LYNCH
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Western District of New York
                                    138 Delaware Avenue
                                    Buffalo, New York 14202
                                    716/843-5846
                                    Timothy.Lynch@usdoj.gov